IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. CAMERON NEWKIRK, *Defendant.* | Case No. 14-10209-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Compassionate Release (Doc. 41). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.   Factual and Procedural Background

On May 7, 2015, Defendant pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 15, 2015, Defendant was sentenced to 120 months' imprisonment. Defendant is 33 years old, and he is currently incarcerated at Springfield MCFP. There have been 249 positive cases in the facility in which

Defendant is housed, and five inmates have died.[1]  Currently, there are 133 active inmate cases, 41 active staff cases, and two pending inmate tests.  Defendant's projected release date is June 17, 2023.

On September 11, 2020, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19.  He states that due to the underlying health conditions of obesity and hypertension, he is more susceptible to serious complications should he contract COVID-19.  Defendant also states that the prison is ill-equipped to handle the COVID-19 outbreak.  Although Defendant originally filed his motion pro se, he is now represented by counsel.[2]  Defendant's counsel filed a reply on October 21, 2020, stating that Defendant now has COVID-19.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 9, 2020).

[2] District of Kansas Standing Order 19-1 and Administrative Order 20-8 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act and brought on grounds related to the COVID-19 pandemic.  The FPD entered an appearance in this case.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

### III.   Analysis

Defendant seeks early release based on the underlying health conditions of hypertension and obesity and the spread of COVID-19 in prison. In addition, Defendant now has COVID-19

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction);  *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

and asserts that he may suffer from complications. The government asserts that Defendant is not an appropriate candidate for early release.

## A.     Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden in late May 2020, which was denied on June 1, 2020. The government concedes that Defendant meets the exhaustion requirement. Thus, because more than 30 days have passed since Defendant's request to the Warden, the Court will proceed and determine the merits of Defendant's motion.

## B.     Extraordinary and Compelling Reasons

Defendant next asserts that his medical conditions of hypertension and obesity coupled with the outbreak of COVID-19 in Springfield MCFP constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). In addition, Defendant recently tested positive for COVID-19. Both obesity and hypertension are listed by the Centers for Disease Control and Prevention ("CDC") as conditions that are at increased risk for severe illness from COVID-19.[8] Defendant has at least two underlying conditions that increases his risk of serious complications should he contract COVID-19, and he has contracted COVID-19. Thus, the Court finds that these medical conditions, in tandem with the COVID-19 pandemic, may present an extraordinary and compelling reason.[9] Accordingly, the Court will move on to consider the § 3553(a) factors.

---

[8] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 16, 2020).

[9] The government does not directly address Defendant's medical conditions except to state that Defendant's medical conditions, when balanced with the § 3553 factors, do not demonstrate a situation so severe that early release is warranted.

### C.     Section 3553(a) Factors

The Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable" when determining whether a sentence reduction is appropriate.[10] Some of the § 3553(a) factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[11]

Defendant pleaded guilty to two counts of being a felon in possession of a firearm. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") investigated numerous burglaries between June and December 2014, which ultimately led to Defendant's arrest on December 9, 2014. The ATF, along with the Wichita Police Department ("WPD"), executed a search warrant on Defendant's residence. When Defendant was arrested, he had two loaded firearms and a pipe and small baggy containing methamphetamine on his person. In his vehicle and residence, officers found additional loaded firearms, as well as several other items, that had been reported stolen.

The Court sentenced Defendant to 120 months' imprisonment. At this point, Defendant has approximately 31 months left of his sentence to serve. The Court remains convinced that 120 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's underlying criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of complications from COVID-19 may

---

[10] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[11] 18 U.S.C. § 3553(a).

be higher due to his underlying health conditions, Defendant has not shown that he had medical complications from having COVID-19, thus diminishing his concern that he will or would develop severe complications. The Court finds that the 120-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 41) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2020.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTICT JUDGE